**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                              No. 4:05CR00204 JLH

MARCUS FION GRAY                                                                                  DEFENDANT

**ORDER**

Marcus Fion Gray has filed a motion to modify and reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). He seeks a reduction of his sentence based upon the amendment to the sentencing guidelines reducing the guideline range for crack cocaine offenses and the amendment that makes that reduction retroactive. *See* Amendments 706 and 711, as well as U.S.S.G. § 1B1.10 as found in the Supplement to 2007 Guidelines Manual - March 3, 2008.

Gray entered a plea of guilty to a charge of possessing crack cocaine within intent to distribute in violation of 21 U.S.C. § 841(a)(1). In his plea agreement, he stipulated that he had possessed with intent to distribute 6.9525 grams of crack cocaine. He also stipulated that he would be held responsible for distribution of 1 kilogram of cocaine hydrochloride for purposes of relevant conduct. As a part of that stipulation, the parties agreed that upon acceptance of the guilty plea and acceptance of the stipulation, an indictment pending against Gray in the Northern District of Texas would be dismissed.

The calculation of the guideline sentencing range for Gray was therefore based not only on the 6.9525 grams of crack cocaine but also on the 1 kilogram of cocaine hydrochloride for which he accepted responsibility in return for dismissal of the indictment in Texas. Application of the Drug Quantity Table in U.S.S.G. § 2D1.1 required that these quantities be converted to marijuana

equivalencies. The conversion resulted in a determination that Gray would be held responsible for 399 kilograms of marijuana equivalent. The Drug Quantity Table in U.S.S.G. § 2D1.1 provides for a base offense level of 26 when the amount of marijuana is between 100 kilograms and 400 kilograms. Thus, the conversion of the crack cocaine and cocaine hydrochloride to marijuana equivalency resulted in a base offense level of 26. Using the Drug Quantity Table that went into effect on November 1, 2007, the 6.9525 grams of crack cocaine and the 1 kilogram of cocaine hydrochloride for which Gray is held responsible would convert to 311.24 kilograms of marijuana equivalency. That amount is still between 100 kilograms and 400 kilograms of marijuana and still results in a base offense level of 26. Recalculation of Gray's sentence using the amended Drug Quantity Table that went into effect on November 1, 2007, does not affect Gray's guideline calculation. Indeed, if Gray had been responsible only for the 1 kilogram of cocaine hydrochloride, Gray's base offense level would still have been 26. If the crack cocaine were disregarded altogether, the guideline range for Gray's sentence would not change.

Section 1B1.10(a)(2)(B) provides that a reduction in a defendant's term of imprisonment is not authorized if a retroactive amendment to the guidelines does not have the effect of lowering the defendant's applicable guideline range. Here, the amendment to the crack cocaine sentencing guidelines does not have the effect of lowering Gray's applicable guideline range. Therefore, Gray's motion to modify and reduce his term of imprisonment is DENIED. Document #37.

IT IS SO ORDERED this 4th day of April, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE